IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRYAN L. SUMERLIN, #236844, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-562-WHA |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 42 U.S.C. § 1983 complaint filed on June 26, 2006, by Bryan L. Sumerlin ["Sumerlin"], a state inmate. After defendants addressed Sumerlin's claims in a written report and refuted them with relevant evidentiary materials, the court directed Sumerlin to file a response and advised that failure to respond (a) would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**" and (b) would result in the dismissal of this civil action. *Order of September 5, 2006 - Court Doc. No. 10*. (emphasis in original) .

The time allotted for Sumerlin's response expired on September 25, 2006. Because Sumerlin has filed nothing in opposition to the defendants' written report, the court concludes that this case should be dismissed after first considering whether a less drastic measure is appropriate. The alternative of imposing monetary or other punitive sanctions against Sumerlin, an indigent state inmate, would be ineffectual. Additional *Orders* to compel his response would be, in all likelihood, similarly unavailing based on his non-

compliance with a directive which also warned that his lawsuit would be dismissed for his failure to respond. Moreover, defendants' undisputed evidentiary materials demonstrate that Sumerlin is not entitled to any relief. In sum, Sumerlin's abandonment of, and failure to prosecute, his claims and his failure to comply with the court's orders warrant dismissal of this case.

## CONCLUSION

It is, therefore, the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before October 17, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE